FILED
2008 Mar-17  PM 09:48
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **CYNTHIA CASTEEL and SUSAN JOHNSON,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **CASE NUMBER:** |
| | ) | |
| **AMERIQUEST MORTGAGE COMPANY,** | ) | **CV-08-S-0303-NE** |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

---

## DEFENDANT'S MOTION TO DISMISS

---

**COMES NOW** defendant Ameriquest Mortgage Company ("defendant" or "Ameriquest") and hereby moves, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the Complaint filed by plaintiffs Cynthia Casteel and Susan Johnson (collectively, "plaintiffs"). In support thereof, defendant states as follows:

## I. INTRODUCTION

Plaintiffs were provided notice of their rights to rescind at the time they obtained their respective loans from defendant in February of 2005. When they allegedly attempted to rescind these loans ***almost three years later***, neither plaintiff

had a right to rescind, and any other claims plaintiffs may bring are barred by the relevant statute of limitations. Thus, as set forth in more detail below, plaintiffs' claims are due to be dismissed under Rule 12(b)(6).

## II. FACTS

The following facts are alleged in plaintiffs' Complaint or are set forth in documents referenced in the Complaint:

1.    Plaintiff Cynthia Casteel and plaintiff Susan Johnson allege that they each obtained a "residential real estate mortgage loan" from defendant Ameriquest Mortgage Company on February 22, 2005.[1]

2.    Both plaintiffs admit that they were provided "form notices" of their rescission rights at the time of closing, but they allege that these notices were "blank, unsigned and not dated" and that "[a]t no point at or after closing were Plaintiffs provided a completed, dated or signed notice of their right to cancel the transaction."[2]

---

[1] Doc. 1, Compl., ¶ 13 and 23. The Casteel and Johnson loans involve different borrowers and were secured by different properties; the only commonality between the two loans appears to be the date (February 22, 2005) and the lender (defendant). If the Court were to opt not to dismiss plaintiffs' Complaint, the Court would also need to consider whether Casteel and Johnson are properly joined in this action under Rule 20(a). *See* FED. R. CIV. P. 20(a). Further, as to the Casteel loan, in addition to plaintiff Cynthia Casteel, a William Casteel also signed loan documents. Mr. Casteel, however, is not party to this action.

[2] Doc. 1, Compl., ¶¶ 8, 14, & 24.

3.      Plaintiffs do not dispute that they each signed the "NOTICE OF RIGHT TO CANCEL" form and specifically acknowledged: "The undersigned each acknowledge receipt of two copies of this NOTICE OF RIGHT TO CANCEL and one copy of the Federal Truth in Lending Disclosure Statement, all given by the lender in compliance with the Truth in Lending Simplification and Reform Act of 1980 (Public Law 96-221)."[3]  Plaintiffs also specifically acknowledged, at closing, receipt of Ameriquest's "ONE WEEK CANCELLATION PERIOD" form,[4] which contractually provided plaintiffs a longer cancellation period than was required by the federal statute.

---

[3] *See* Exs. A-B, attached hereto (with loan numbers redacted).  If the Court determines that it needs to evaluate these "NOTICE OF RIGHT TO CANCEL" forms in order to dismiss plaintiffs' claims, the Court may still dispose of the matter under Rule 12(b)(6) and not under summary judgment as provided for in Rule 56: "[A] document central to the complaint that the defendant appends to its motion to dismiss is properly considered, provided that the contents are not in dispute." *Harris v. Ivax Corp.*, 182 F.3d 799, 802 n.2 (11th Cir. 1999).  In this case, the contents of the "NOTICE OF RIGHT TO CANCEL" documents do not appear to be in dispute: "'Undisputed' in this context means that the authenticity of the document is not challenged." *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002).  Plaintiffs, presumably, do not dispute the authenticity of their own signatures.

[4] *See* Exs. C-D, attached hereto (with loan numbers redacted).  Per footnote 3, *supra*, the Court may consider these "ONE WEEK CANCELLATION PERIOD" forms on a Rule 12(b)(6) motion.

4.     Notwithstanding being informed, on February 22, 2005, of their rights to rescind,[5] the plaintiffs did **_not_** attempt to rescind their loans until they allegedly sent letters on January 23, 2008.[6]  In other words, both plaintiffs waited **_almost three years_** before attempting to rescind.

5.     Then, on February 20, 2008, plaintiffs filed the present action against defendants, alleging TILA violations and seeking, *inter alia*, statutory damages, actual damages, rescission, declaration that security interests are void, return of moneys, declaration that plaintiffs have no duty to tender loan proceeds to defendants, and attorney fees and costs.[7]

### III. ARGUMENT

A.     **Any TILA Claims Plaintiffs May Attempt To Bring Unrelated To Their Alleged Attempted Rescissions Are Barred By The Statute Of Limitations.**

Any TILA claims regarding defendant's alleged "fail[ure] to give proper notice of plaintiff's right to cancel the loan"[8] are barred by the relevant statute of limitations.  A Rule 12(b)(6) motion to dismiss for failure to state a claim is proper "when failure to comply with the statute of limitations is plain on the face of the

---

[5] Doc. 1, Compl., ¶¶ 14 & 24; *see also* Exs. A-D, attached hereto.

[6] Doc. 1, Compl., ¶¶ 16 & 26.

[7] *Id.* at unnumbered "WHEREFORE" paragraphs following ¶¶ 21 & 31.

[8] *See id.* at ¶¶ 21 & 31.

complaint."[9]  In this case, the statute under which plaintiffs seek relief provides, in relevant part:  "Any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, ***within one year from the date of the occurrence*** of the violation."[10]  Plaintiffs allegedly obtained their loans on February 22, 2005.[11]  As such, plaintiffs' Complaint, filed ***almost three years later*** on February 20, 2008, was clearly filed outside of the statute's one-year limitations period, and any relief plaintiffs may seek for Truth-in-Lending violations unrelated to their attempted rescissions on January 23, 2008[12] are time-barred.

**B.**     **Plaintiffs' Allegation That They Were Not Provided Notice Of Their Rescission Rights Is Contradicted By Their Own Complaint.**

Plaintiffs' claims in this case are premised on their allegations that they were never provided with appropriate notice of their rights to rescind, thereby extending their rescission rights for the full three-year period set forth in 15 U.S.C. § 1635(f). However, absent this allegation in plaintiffs' Complaint, the Truth-in-Lending Act otherwise prescribes a narrow window of time in which to exercise rescission

---

[9] *Foster v. Savannah Comm.*, 140 Fed.Appx. 905, 907 (11th Cir. 2005); *Avco Corp. v. Precision Air Parts, Inc.*, 676 F.2d 494, 495 (11th Cir. 1982).

[10] 15 U.S.C. § 1640(e) (emphasis added).

[11] Doc. 1, Compl., ¶¶ 13 & 23.

[12] *See id.* at ¶¶ 16 & 26.

rights -- namely, "until midnight of the ***third business day*** following the consummation of the transaction or the delivery of the information and the rescission forms required under this section together with a statement containing all the material disclosures."[13]   And while courts, in evaluating dismissal under Rule 12(b)(6), should assume allegations in the Complaint to be true, courts should not "swallow the plaintiff's invective hook, line, and sinker" and "must refrain from crediting ... bald assertions, unsupportable conclusions and 'opprobrius epithets.'"[14]

Plaintiffs' allegation in this case that "at no point at or after closing" was either plaintiff provided a "completed, dated or signed notice of their right to cancel the transaction"[15] is squarely contradicted by the "NOTICE OF RIGHT TO CANCEL" forms and "ONE WEEK CANCELLATION PERIOD" forms that both plaintiffs signed on February 22, 2005.[16]   Under the statute, plaintiffs' acknowledgements create a "rebuttable presumption" that they received the forms.[17]  Plaintiffs in this case apparently ***do not dispute the authenticity*** of their respective acknowledgments.

---

[13] 15 U.S.C. § 1635(a) (emphasis added).

[14] *Palmer v. Champion Mortgage*, 465 F.3d 24, 28 (1st Cir. 2006).

[15] Doc. 1, Compl., ¶¶ 8, 14, & 24.

[16] *See* Exs. A-B, attached hereto.

[17] 15 U.S.C. § 1635(c).

Instead, plaintiffs allege that their copies of the "NOTICE OF RIGHT TO CANCEL" forms were blank -- in other words, that the date was only filled in on the lender's copies.[18]  This allegation is intended to bring plaintiffs' claims within the fact-patterns of the Fifth Circuit's *Williamson* holding[19] and the Ninth Circuit's *Semar* holding.[20]  The Fifth Circuit in *Williamson* and the Ninth Circuit in *Semar* -- opinions which have never been followed by the Eleventh Circuit[21] -- held that a lender's failure to fill in the expiration date on the notice form renders the notice ineffective and, thus, extends the rescission period for the full three-year period set forth in 15 U.S.C. § 1635(f).  However, the First Circuit's more recent decision in *Palmer v. Champion Mortgage*[22] is more instructive as to the facts alleged at bar. In *Palmer*, the plaintiff's "Notice of Right to Cancel" form informed her that she had until April 1, 2003 to exercise her right of rescission, but the plaintiff claimed she had not received her copies of this form until sometime after April 1.  The *Palmer* court noted that the Notice also "twice indicated in plain language that, in

---

[18] Doc. 1, Compl., ¶¶ 16 & 26.

[19] *Williamson v. Lafferty*, 698 F.2d 767 (5th Cir. 1983).

[20] *Semar v. Platte Valley Fed. Savings & Loan Ass'n*, 791 F.2d 699 (9th Cir. 1986).

[21] *Cf. Smith v. Am. Fin. Sys., Inc.*, 737 F.2d 1549, 1555 (11th Cir. 1984) (distinguishing that portion of *Williamson* discussing a lender's failure to disclose a security interest).

[22] *Palmer v. Champion Mortgage*, 465 F.3d 24, 28 (1st Cir. 2006).

the alternative, the debtor had three business days after *receipt* of the Notice in which rescind."[23]    The First Circuit thus held this Notice sufficient to apprise plaintiff of her rights and specifically distinguished the case at bar from the Ninth Circuit's *Semar* holding, which the First Circuit construed narrowly to cover only those cases where the lender's notice provides "no rescission deadline whatsoever."[24]

In the present case, as in *Palmer*, the "NOTICE OF RIGHT TO CANCEL" forms that both plaintiffs admittedly took home at closing[25] twice indicated to them that they had "THREE BUSINESS DAYS" from the "date you received this notice of your right to cancel" in which to rescind the transaction.  Plaintiffs apparently do not dispute that the "Document Signing Date" and the "Final Date to Cancel" lines were, in fact, filled in on the copies of the "NOTICE OF RIGHT TO CANCEL" forms both plaintiffs signed on February 22, 2005.[26]  In addition, both plaintiffs acknowledged, on February 22, 2005, receipt of Ameriquest's separate "ONE WEEK CANCELLATION PERIOD" form,[27] a form which notified plaintiffs that

---

[23] *Id.* at 27-28.

[24] *Id.* at 29.

[25] Doc. 1, Compl., ¶ 8.

[26] *See* Exs. A-B, attached hereto.

[27] *See* Exs. C-D, attached hereto.

Ameriquest was contractually providing plaintiffs *a longer cancellation period* than the three-business-day period required by the federal statute. It is well-settled in the Eleventh Circuit that "***TILA does not require perfect notice***; rather it requires a clear and conspicuous notice of rescission rights."[28] In this case, ***both plaintiffs admit that they were informed of their right to rescind at the time of closing***.[29] As such, plaintiffs' claims should be dismissed under Rule 12(b)(6).

In this case, plaintiffs do not dispute that they received and signed, on February 22, 2005, both the "NOTICE OF RIGHT TO CANCEL" forms and the "ONE WEEK CANCELLATION PERIOD" forms.[30] It is further undisputed that ***neither plaintiff made any attempt to rescind*** the transactions either within the statutory three-business-day period or within the one-week contractual period. As such, plaintiffs' rights to rescind expired long before they allegedly sent rescission letters on January 23, 2008,[31] and their present claims are due to be dismissed.

## IV. CONCLUSION

**WHEREFORE**, defendant respectfully requests that the Court enter an order dismissing plaintiffs' Complaint.

---

[28] *Smith v. Highland Bank*, 108 F.3d 1325, 1327 (11th Cir. 1997); *Veale v. Citibank, F.S.B.*, 85 F.3d 577, 580 (11th Cir. 1996) (emphasis added).

[29] *See* Doc. 1, Compl., at ¶¶ 14 & 24.

[30] *See* Exs. A-D, attached hereto.

[31] Doc. 1, Compl., ¶¶ 16 & 26.

Respectfully submitted,


s/Stephen J. Bumgarner
Stephen J. Bumgarner
(ASB-2089-M66S)

Attorney for Defendant
Ameriquest Mortgage Company

**OF COUNSEL:**

BURR & FORMAN LLP
3400 Wachovia Tower
420 North 20th Street
Birmingham, Alabama  35203
Telephone:  (205) 251-3000
Facsimile:  (205) 458-5100
sbumgarn@burr.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 17, 2008, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing to the following:

William H. Robertson, V, Esq.
C. Lance Gould, Esq.
BEALSEY, ALLEN, CROW, METHVIN,
PORTIS & MILES, P.C.
P.O. Box 4160
Montgomery, Alabama 36103-4160

s/ Stephen J. Bumgarner
OF COUNSEL

FILED
2008 Mar-17 PM 09:48
U.S. DISTRICT COURT
N.D. OF ALABAMA

## NOTICE OF RIGHT TO CANCEL

LENDER:   Ameriquest Mortgage Company

DATE:   February 22, 2005
LOAN NO.:   04~~~~~~~~~~~~
TYPE:   ADJUSTABLE RATE

BORROWER(S): Cynthia A. Casteel

ADDRESS:     705 9th St
CITY/STATE/ZIP:   Huntsville, AL 35805

PROPERTY:   705 9th Street NW
              Huntsville, AL  35805

You are entering into a transaction that will result in a mortgage/lien/security interest on your home. You have a legal right under federal law to cancel this transaction, without cost, within THREE BUSINESS DAYS from whichever of the following events occurs last:

1.  The date of the transaction, which is

ENTER DOCUMENT SIGNING DATE
*2-22-05*

    or
2.  The date you received your Truth in Lending disclosures;
    or
3.  The date you received this notice of your right to cancel.

If you cancel the transaction, the mortgage/lien/security interest is also cancelled. Within 20 CALENDAR DAYS after we receive your notice, we must take the steps necessary to reflect the fact that the mortgage/lien/security interest on your home has been cancelled, and we must return to you any money or property you have given to us or anyone else in connection with this transaction.

You may keep any money or property we have given you until we have done the things mentioned above, but you must then offer to return the money or property. If it is impractical or unfair for you to return the property you must offer its reasonable value. You may offer to return the property at your home or at the location of the property. Money must be returned to the address below. If we do not take possession of the money or property within 20 CALENDAR DAYS of your offer, you may keep it without further obligation.

---

### HOW TO CANCEL
If you decide to cancel this transaction, you may do so by notifying us in writing, at:

**Ameriquest Mortgage Company**
**1600 S Douglass Rd**
**Anaheim, CA 92806**

ATTN:  **FUNDING**
PHONE: **(714)634-3494**
FAX:     **(800)664-2256**

You may use any written statement that is signed and dated by you and states your intention to cancel, or you may use this notice by dating and signing below. Keep one copy of this notice because it contains important information about your rights.

If you cancel by mail or telegram, you must send the notice no later than MIDNIGHT of

ENTER FINAL DATE TO CANCEL
*2-25-05*

(or MIDNIGHT of the THIRD BUSINESS DAY following the latest of the three events listed above). If you send or deliver your written notice to cancel some other way, it must be delivered to the above address no later than that time.
**I WISH TO CANCEL**

_____              _____
SIGNATURE                                               DATE

---

The undersigned each acknowledge receipt of two copies of this NOTICE OF RIGHT TO CANCEL and one copy of the Federal Truth in Lending Disclosure Statement, all given by lender in compliance with Truth in Lending Simplification and Reform Act of 1980 (Public Law 96-221).

Each borrower in this transaction has the right to cancel. The exercise of this right by one borrower shall be effective to all borrowers.

_Cynthia A. Casteel_ - 2/22/05          _William R. Casteel_ 2/22/05
BORROWER/OWNER Cynthia A. Casteel      Date        BORROWER/OWNER William R. Casteel      Date

_____              _____
BORROWER/OWNER                         Date        BORROWER/OWNER                         Date



1064-NRC (Rev 11/03)

0000010678812204000050101

**LENDER COPY**

02/21/2005 4:38:34 PM

**Exhibit A**

FILED

2008 Mar-17 PM 09:49
U.S. DISTRICT COURT
N.D. OF ALABAMA

## NOTICE OF RIGHT TO CANCEL

LENDER:   Ameriquest Mortgage Company

DATE:  February 22, 2005
LOAN NO.: ●■■■■■■■■■■■■92
TYPE:    FIXED RATE

BORROWER(S): SUSAN JOHNSON

ADDRESS:       11468 county rd 9
CITY/STATE/ZIP:   MOULTON,AL 35650

PROPERTY:   11468 county rd 9
            MOULTON,  AL  35650

You are entering into a transaction that will result in a mortgage/lien/security interest on your home. You have a legal right under federal law to cancel this transaction, without cost, within THREE BUSINESS DAYS from whichever of the following events occurs last:

> **ENTER DOCUMENT SIGNING DATE**

1. The date of the transaction, which is         2-22-05        ;

    or
2. The date you received your Truth in Lending disclosures;
    or
3. The date you received this notice of your right to cancel.

If you cancel the transaction, the mortgage/lien/security interest is also cancelled. Within 20 CALENDAR DAYS after we receive your notice, we must take the steps necessary to reflect the fact that the mortgage/lien/security interest on your home has been cancelled, and we must return to you any money or property you have given to us or anyone else in connection with this transaction.

You may keep any money or property we have given you until we have done the things mentioned above, but you must then offer to return the money or property. If it is impractical or unfair for you to return the property you must offer its reasonable value. You may offer to return the property at your home or at the location of the property. Money must be returned to the address below. If we do not take possession of the money or property within 20 CALENDAR DAYS of your offer, you may keep it without further obligation.

---

### HOW TO CANCEL

If you decide to cancel this transaction, you may do so by notifying us in writing, at:

**Ameriquest Mortgage Company**
**1600 S Douglass Rd**
**Anaheim, CA 92806**

ATTN:  FUNDING
PHONE: (714)634-3494
FAX:     (800)664-2256

You may use any written statement that is signed and dated by you and states your intention to cancel, or you may use this notice by dating and signing below. Keep one copy of this notice because it contains important information about your rights.

If you cancel by mail or telegram, you must send the notice no later than MIDNIGHT of

> **ENTER FINAL DATE TO CANCEL**
> 2-25-05

(or MIDNIGHT of the THIRD BUSINESS DAY following the latest of the three events listed above). If you send or deliver your written notice to cancel some other way, it must be delivered to the above address no later than that time.
**I WISH TO CANCEL**

_____        _____
SIGNATURE                                           DATE

---

The undersigned each acknowledge receipt of two copies of this NOTICE OF RIGHT TO CANCEL and one copy of the Federal Truth in Lending Disclosure Statement, all given by lender in compliance with Truth in Lending Simplification and Reform Act of 1980 (Public Law 96-221).

Each borrower in this transaction has the right to cancel. The exercise of this right by one borrower shall be effective to all borrowers.



BORROWER/OWNER SUSAN JOHNSON          Date     BORROWER/OWNER                          Date

_____        _____
BORROWER/OWNER                          Date     BORROWER/OWNER                          Date

1064-NRC(Rev 11/03)

**LENDER COPY**

02/22/2005 10:45:54 AM

**Exhibit B**

FILED
2008 Mar-17 PM 09:49
U.S. DISTRICT COURT
N.D. OF ALABAMA

# ONE WEEK CANCELLATION PERIOD

Loan Number: 0■■■■■■■■■■■          Borrower(s): Cynthia A. Casteel

Date: February 22, 2005

**You have the right under Federal or state law to three (3) business days during which you can cancel your loan for any reason.** This right is described in the Notice of Right to Cancel you have received today.

Ameriquest Mortgage Company believes that a loan secured by your home is one of the most important financial decisions you can make. To give you more time to study your loan documents, obtain independent advice and/or shop for a loan that you believe suits you better, **we provide you with one-week (which includes the day you sign the loan documents) to cancel the loan with no cost to you.** No money will be disbursed before 10:00 a.m. on the first business day after this period expires. Business days are Monday through Friday, excluding federal legal holidays.

For example, if your loan closes on a Tuesday, you could cancel from that Tuesday through midnight of the following Monday.

If you want to cancel, you must do so in writing and we must receive your request before midnight on the day the cancellation period ends. You may cancel by signing and dating in the request to cancel box below or by using any other written statement that provides your loan number and states your desire to cancel your loan. The written statement must be signed and dated by any one borrower. Your request must be delivered to:

Ameriquest Mortgage Company
1600 S Douglass Rd Anaheim, CA 92806
ATTN: Funding Department
Phone: (714)541-9960
Fax: (800)664-2256

When you sign below, it means that you have received and read a copy of this notice and you understand what is printed above.

I/We hereby acknowledge receiving a copy of this notice on the date signed below.

_Cynthia C. Casteel_ _____          _2/22/05_ _____
Borrower/Owner  Cynthia A. Casteel                                Date

_William R. Casteel_ _____          _2/22/05_ _____
Borrower/Owner  William R. Casteel                                Date

_____          _____
Borrower/Owner                                                    Date

_____          _____
Borrower/Owner                                                    Date

---

## REQUEST TO CANCEL

I/We want to cancel loan #_____.

_____          _____
Borrower/Owner Signature                                          Date

---

00000010578612204042201201

02/21/2005 4:38:34 PM

**LENDER COPY**

850 (10/00)

**Exhibit C**

FILED
2008 Mar-17 PM 09:50
U.S. DISTRICT COURT
N.D. OF ALABAMA

# ONE WEEK CANCELLATION PERIOD

Loan Number: ~~XXXXXXXXXX~~          Borrower(s): SUSAN JOHNSON
Date: February 22, 2005

**You have the right under Federal or state law to three (3) business days during which you can cancel your loan for any reason.** This right is described in the Notice of Right to Cancel you have received today.

Ameriquest Mortgage Company believes that a loan secured by your home is one of the most important financial decisions you can make. To give you more time to study your loan documents, obtain independent advice and/or shop for a loan that you believe suits you better, **we provide you with one-week (which includes the day you sign the loan documents) to cancel the loan with no cost to you.** No money will be disbursed before 10:00 a.m. on the first business day after this period expires. Business days are Monday through Friday, excluding federal legal holidays.

For example, if your loan closes on a Tuesday, you could cancel from that Tuesday through midnight of the following Monday.

If you want to cancel, you must do so in writing and we must receive your request before midnight on the day the cancellation period ends. You may cancel by signing and dating in the request to cancel box below or by using any other written statement that provides your loan number and states your desire to cancel your loan. The written statement must be signed and dated by any one borrower. Your request must be delivered to:

> Ameriquest Mortgage Company
> 1600 S Douglass Rd Anaheim, CA 92806
> ATTN: Funding Department
> Phone: (714)541-9960
> Fax: (800)664-2256

When you sign below, it means that you have received and read a copy of this notice and you understand what is printed above.

I/We hereby acknowledge receiving a copy of this notice on the date signed below.



_____          __2-22-05_____
Borrower/Owner  SUSAN JOHNSON            Date

_____          _____
Borrower/Owner                           Date

_____          _____
Borrower/Owner                           Date

_____          _____
Borrower/Owner                           Date

---

## REQUEST TO CANCEL

I/We want to cancel loan #_____.

_____          _____
Borrower/Owner Signature                 Date

---

00000010965484804042220101

850 (10/00)

**Exhibit D**

02/22/2005 10:50:16 AM

**LENDER COPY**